IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

APOLINAR MEZA, # R-48197,

   Petitioner,

vs.

ALLEN MARTIN,

   Respondent.   No. 12-cv-895-DRH

MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

  Petitioner Apolinar Meza, currently incarcerated in Shawnee Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254[1] to challenge the constitutionality of his confinement. Petitioner is serving a 22 year sentence imposed by the Circuit Court of Will County, Illinois, following a guilty plea (Doc. 1, p. 3).

  Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Because this petition was filed well beyond the applicable statute of limitations, it shall be dismissed pursuant to Rule 4.

---

[1] Petitioner used the Court's form Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241; however, because petitioner is in custody pursuant to the judgment of a State court and challenges that judgment, the petition shall be considered filed pursuant to 28 U.S.C. § 2254.

According to the instant habeas petition, petitioner was sentenced on October 31, 2005, after pleading guilty to attempted murder. He had expected to receive a lower sentence of 15 years, based on a conference between the parties and the trial judge. However, after additional evidence in aggravation was adduced in the sentencing hearing, he received the higher sentence. He moved to withdraw his guilty plea, but that request was denied after a hearing on February 16, 2006 (Doc. 1, pp. 19-23). Petitioner then appealed, raising the argument that Illinois Supreme Court Rule 402 required the trial court to give him an opportunity to withdraw his plea of guilty, because the trial judge decided to depart from the 15-year offer. On October 26, 2007, his conviction was affirmed on direct appeal. *People v. Meza*, 877 N.E.2d 1189 (Ill. App. 2007). Petitioner then sought leave to appeal from the Illinois Supreme Court, but his petition was denied on January 30, 2008. *People v. Meza*, 882 N.E.2d 81 (Ill. 2008) (Table). Petitioner did not seek further review in the United States Supreme Court, nor did he file any petition in the trial court for post-conviction relief (Doc. 1, p. 5-6).

After a lapse of over four years, petitioner filed the instant action on August 13, 2012, raising a single ground for relief: That the trial court erred in denying him the opportunity to withdraw his guilty plea, where the plea was entered pursuant to a "402 conference" at which the judge offered a sentence of 15 years, but instead imposed a 22-year sentence (Doc. 1, p. 6). However, the merits of this argument need not be reached. An examination of the date when petitioner's

conviction became final and the time line of his ensuing appeals shows that petitioner has filed this action well beyond the applicable statute of limitations.

Under 28 U.S.C. § 2244(d)(1), a petitioner in custody pursuant to the judgment of a State court has a one year period in which to file an application for a writ of habeas corpus. Section 2244(d)(1)(A) states that the limitations period shall begin to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." [2] After the Illinois Supreme Court denied petitioner's request for leave to appeal on January 30, 2008, he had 90 days within which to file a petition for writ of *certiorari* to the United States Supreme Court. When that time expired on April 29, 2008, petitioner's judgment of conviction became final. *See Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002) ("[T]he statute of limitations imposed by section 2244(d)(1)(A) begins to run (i) when all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari proceedings before the United States Supreme Court; *or* (ii) when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the time allotted for filing a petition for writ.").

Thus, petitioner's one-year statute of limitations under § 2244(d)(1)(A) to file his habeas petition began to run on April 29, 2008, and expired on April 29, 2009. Unfortunately, petitioner waited more than three more years before filing

---

[2] None of the alternative triggering dates enumerated in 28 U.S.C. § 2244(d)(1)(B)-(D) for the one-year limitations period are applicable here.

the instant petition on August 13, 2012. Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), the petition was not timely filed and must be dismissed.

**Pending Motion**

Based on the financial information provided with petitioner's motion to proceed *in forma pauperis*, the motion (Doc. 3) is **GRANTED**. No filing fee is due for this action.

**Certificate of Appealability**

Should petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id.* at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that the petition was not timely filed, and therefore petitioner is not entitled to relief pursuant to 28 U.S.C. § 2254. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, petitioner has not made "a substantial showing of the denial of a constitutional right."

Accordingly, the Court **SHALL NOT ISSUE** a certificate of appealability.

**Disposition**

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** with prejudice. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 3rd day of September, 2012.

David R. Herndon
2012.09.03
10:48:31 -05'00'

**Chief Judge**
**United States District Court**